IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:04-632-HMH |
| vs. | ) | |
| | ) | |
| Anthony Chatane White, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Anthony Chatane White's ("White") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; motion to receive a copy of the resentencing transcript without the payment of costs; and motion to recuse the undersigned from further participation in this case. For the reasons set forth below, White's motions are denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2004, White pled guilty to possession with intent to distribute 500 grams or more of cocaine. On January 25, 2005, White was sentenced to two hundred thirty-five (235) months' imprisonment. The judgment was entered on January 31, 2005. White appealed his conviction and sentence. The United States Court of Appeals for the Fourth Circuit affirmed White's conviction on August 25, 2005. See United States v. White, No. 05-4185, 2005 WL 2053351, at *1 (4th Cir. Aug. 25, 2005) (unpublished). White applied for an extension of time to file a petition for writ of certiorari from November 23, 2005, to January 22, 2006, which was granted by the Supreme Court on November 16, 2005. White filed a petition for writ of certiorari on November 29, 2005, which was denied on January 9, 2006.

On January 17, 2007, pursuant to the Government's motion to reduce his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, the court reduced White's sentence to one hundred eighty (180) months' imprisonment. White filed a motion to extend the time to file his § 2255 motion on February 29, 2007. The court denied that motion on March 22, 2007. White appealed the March 22, 2007, order on March 30, 2007. White filed the instant motions on June 5, 2007.[1]

## II. DISCUSSION OF THE LAW

A federal prisoner generally has one year from the date the prisoner's judgment becomes final to file a motion under § 2255. See 28 U.S.C. § 2255. In addition, White's "Rule 35(b) resentencing does not affect the date on which the judgment of his conviction became final." United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). White conceded in his motion to equitably toll the statute of limitations that the statute of limitations for filing his § 2255 motion with respect to his conviction and sentence ran on January 9, 2007, one year after his petition for writ of certiorari was denied. Further, the court denied White's motion to equitably toll the statute of limitations in its March 22, 2007, order. Therefore, White's § 2255 motion is time barred. Further, as set forth in the March 22, 2007, order, the principles of equitable tolling do not apply to toll the statute of limitations in this case.

Even if the instant motion was timely filed, White's claims are wholly without merit. White claims that his motion is not time-barred because he is not challenging his conviction and initial sentence but alleging ineffective assistance of counsel during his Rule 35(b)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

resentencing. Specifically, White alleges that his counsel was ineffective for failing to move to recuse the undersigned prior to White's resentencing, and failing to appeal the undersigned's resentencing of White.

White alleges that the undersigned was biased and prejudiced against White. (Mem. Supp. § 2255 Mot. 6.) In support of his argument, White alleges that at his initial sentencing he was sentenced at the top of the guideline range. (Id. 6-8.) Further, the Government requested a four-level decrease in White's guideline range at his resentencing, and the court only decreased his guideline range by two levels. (Id.) In addition, White alleges that the court blamed White for the death of Robin Platts. (Id. 7.)

As an initial matter, there is "no federal constitutional right to counsel with respect to [a] Rule 35(b)" hearing. United States v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005). An ineffective assistance claim will not lie unless there is a constitutional right to counsel. United States v. McCollough, No. 05-7374, 2006 WL 2038754, at *1 (4th Cir. 2006) (unpublished) (citing Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003)).

However, White's claims also fail on the merits. White must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, White must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The extent of a court's departure under Rule 35(b) is not appealable unless the sentence was imposed in violation of the law. United States v. Pridgen, 64 F.3d 147, 149-50 (4th Cir. 1995). White has failed to identify any error of law committed by the court. Further, there was no basis for counsel to move to recuse the undersigned. "In order to warrant recusal, the nature of the court's alleged bias must be personal and not arising out of litigation. [White] has not established such bias." In re Spears, No. 95-8006, 1995 WL 323716, at *1 (4th Cir. May 31, 1995) (unpublished) (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)). Therefore, White's counsel acted reasonably in not moving to recuse. Based on the foregoing, White's claims are wholly without merit.

In addition, White's motion requesting a copy of his resentencing transcript without the payment of costs is denied. White has failed to establish a particularized need for his resentencing transcript. See Jones v. Superintendent, 460 F.2d 150, 152-53 (4th Cir. 1972).

Further, White's motion to recuse is denied. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself or herself from hearing a case "in any proceeding in which his impartiality might reasonably be questioned." As discussed above, White has not established personal bias so as to warrant recusal. See In re Spears, 1995 WL 323716, at *1 (unpublished) (citing In re Beard, 811 F.2d 818, 827 (4th Cir.1987)).

Therefore, it is

**ORDERED** that White's 28 U.S.C. § 2255 motion, docket number 53, is denied. It is further

**ORDERED** that White's pro se motion to receive transcripts without the payment of costs, docket number 55, is denied. It is further

**ORDERED** that White's pro se motion for recusal, docket number 54, is denied.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
June 18, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.