IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 8:04-632-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Anthony Chatane White, ) | |
| ) | |
| Movant. ) | |

This matter comes before the court on Anthony Chatane White's ("White") pro se motion for the retroactive application of Amendment 709 of the United States Sentencing Guidelines ("U.S.S.G.") to his sentence imposed by this court. Upon due consideration, and for the reasons set forth herein, White's motion is denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2004, White entered into an agreement with the Government by which he pled guilty to possession with intent to distribute and distribution of five hundred (500) grams or more of cocaine hydrochloride, more commonly known as powder cocaine. The United States Probation Office prepared a presentence investigation report ("PSR") for the purposes of sentencing. The PSR indicated that White was in possession of 2.3 kilograms of powder cocaine, or its equivalent, at the time of the offense conduct,[1] and determined that White's base offense level was 28.

---

[1] During the course of the investigation, 959 grams of powder cocaine were attributed to White, and $47,618.00 was recovered from White's vehicle. Consistent with United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991), the amount of money recovered from White's vehicle was considered as relevant conduct and used in determining his base offense level. See also U.S.S.G. § 2D1.1, Application Note 12.

1

It was further determined that White was a career offender, as that term is applied in the context of sentencing. U.S.S.G. § 4B1.1. There were two prior occasions of conviction that qualified White for career offender status. The first occasion was on November 10, 1994, when White was convicted of two drug-related offenses. The second was on February 1, 1996, when White was convicted of possession with intent to distribute crack cocaine. With the career offender enhancement and the adjustment for acceptance of responsibility, White's total offense level became 31.

White was further determined to have a criminal history category rating of VI, yielding a guideline range 188 to 235 months' active incarceration. On January 31, 2005, White was sentenced by this court to a term of imprisonment of 235 months, followed by five years' supervised release. The length of White's sentence was subsequently reduced to 180 months' active incarceration.

White filed a direct appeal of his sentence to the United States Court of Appeals for the Fourth Circuit. By opinion dated August 29, 2005, the Fourth Circuit affirmed the judgment of this court. White then filed a pro se motion attacking his sentence pursuant to 28 U.S.C. § 2255 on June 13, 2007. However, that motion was denied by order dated June 18, 2007. White appealed, but on April 29, 2008, the Fourth Circuit affirmed the disposition of White's application under § 2255. The instant pro se motion was filed July 21, 2008.

## II. Discussion of the Law

White contends that he is entitled to the retroactive application of Amendment 709 of the United States Sentencing Guidelines. Amendment 709 altered the language of U.S.S.G. § 4A1.1(f), so that it now provides for the addition of one criminal history point "for each prior sentence resulting from a conviction of a crime of violence [for which criminal history points

2

have not previously been awarded] because such sentence was counted as a single sentence." In short, Amendment 709 clarifies the circumstances in which an additional criminal history point may be included in the guideline calculation for prior convictions, so that the defendant's criminal history category is accurately reflected.

However, Amendment 709 was not made retroactive to sentences that had become final before the amendment's effective date of November 1, 2007. Accordingly, the amendment is inapplicable to White's sentence.

Even if Amendment 709 were to apply, it would not result in an alteration or amendment of the sentence White is currently serving. His criminal history category VI would remain unchanged because of his career offender status, and his total offense level would be unaffected.

This leads to the real reason why this motion was filed. White is not seeking the retroactive application of Amendment 709. He is requesting a wholesale recalculation of his guideline range. In part, White argues that the court should only have considered the drug quantity to which he pled guilty (500 g), rather than the quantity adjudged as related offense conduct. White also contends that he was improperly classified as a career offender. However, once a sentence has become final, the arguments that White makes are among those that may only be raised in the context of a motion under § 2255.

White has previously filed an unsuccessful application for post-conviction relief under § 2255. Properly characterized, the instant motion is White's second under § 2255. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in section 2244 by a panel

of the appropriate court of appeals . . . ."). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See Winestock, 340 F.3d at 205.

White has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to proceed with a second or successive motion under § 2255. Because the court lacks jurisdiction to consider this successive § 2255 motion, it must be dismissed to the extent successive grounds are presented.

### III. CONCLUSION

Consistent with the foregoing discussion, White's motion for retroactive application of Amendment 709, docket number 66, is denied. To the extent that the motion asserts grounds for post-conviction relief in contravention of the rule against unauthorized second or successive filings, the motion is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 12, 2008

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order. To the extent that the Movant appeals the portion of the order dealing with the second or successive nature of the claims presented therein, pursuant to Federal Rules of Appellate Procedure 3 and 4(a), the Movant has sixty (60) days from the date hereof to file his notice of appeal. To the extent remaining, pursuant to Federal Rules of Appellate Procedure 3 and 4(b), the Movant has ten (10) days from the date hereof to file his notice of appeal.